IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BRYANT KEITH BROWN, | | |
| | Petitioner, | No. 2:10-cv2040 MCE KJN P |
| | vs. | |
| WARDEN, | | |
| | Respondent. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

I. <u>Introduction</u>

Petitioner is a state prisoner proceeding without counsel with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending before the court is respondent's motion to dismiss this action as barred by the statute of limitations. Petitioner filed a timely opposition; respondent did not file a reply. As explained more fully below, after careful review of the record, the court finds respondent's motion should be granted and this action be dismissed.

II. <u>Legal Standards</u>

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

A 1-year period of limitation shall apply to an application for a writ

of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. In 2005, petitioner was convicted of eight counts of second degree robbery, one count of attempted robbery, personally using a handgun, having previously served five prior prison terms, and having been convicted of a serous felony that is a "strike" for purposes of sentencing under California's "three strikes law." (Respondent's Lodged Document ("LD") at 1.) On July 22, 2005, petitioner was sentenced to an indeterminate state prison term of 68 years and six months. (LD 2.)

2. Petitioner appealed his sentence. On July 3, 2007, the California Court of Appeal, Third Appellate District, affirmed the judgment. (LD 1.)

3. Petitioner did not request rehearing in the California Court of Appeal or seek review by the California Supreme Court.

4. On November 6, 2005,[1] petitioner filed his first petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 3.) The petition was granted[2] on March 23, 2006. (LD 4.)

5. On November 13, 2006, petitioner filed his second petition for writ of habeas corpus in the Sacramento County Superior Court. (LD 5.) The Superior Court denied the petition on January 18, 2007. (LD 6.)

6. On February 22, 2007, petitioner filed his third petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (LD 7.) The Court of Appeal denied the petition on March 1, 2007. (LD 7.)

7. On December 5, 2007, petitioner filed his fourth petition for writ of habeas corpus in the United States District Court, Eastern District of California. (LD 8.) On April 4, 2008, the petition was denied based on petitioner's failure to exhaust state court remedies. (LD 8.)

8. Petitioner filed his fifth petition for writ of habeas corpus in the Sacramento County Superior Court on March 5, 2008. (LD 9.) The Superior Court denied the petition on May 1, 2008. (LD 10.) Petitioner filed a motion for reconsideration of the denial in the

---

[1] Petitioner has been given the benefit of the mailbox rule for the filing dates of the petitions for writ of habeas corpus, except for the third, sixth and ninth petitions. Houston v. Lack, 487 U.S. 266 (1988). Petitioner was not given benefit of the mailbox rule for his third, sixth and ninth petitions filed in the California Court of Appeal, Third Appellate District. Rule 3(d) of the Federal Rules Governing Section 2254 Cases. Nevertheless, as explained below, the few additional days or weeks petitioner might claim in connection with the filing of the third, sixth and ninth petitions would not make a difference in the outcome of these findings and recommendations.

[2] Petitioner was granted relief from the default in filing a late notice of appeal in Sacramento County Superior Court Case No. 05F01559, and the clerk of the court was directed to treat petitioner's November 2, 2005 notice of appeal as having been timely filed, and to proceed forthwith. (LD 4.)

1  Sacramento County Superior Court on June 25, 2008.  (LD 11.)  The motion for reconsideration
2  was denied on July 7, 2008.  (LD 12.)

3          9.  On July 10, 2008, petitioner filed his sixth petition for writ of habeas corpus in
4  the California Court of Appeal, Third Appellate District.  (LD 13.)  The Court of Appeal denied
5  the petition on July 17, 2008.  (LD 13.)

6          10.  On August 13, 2008, petitioner filed his seventh petition for writ of habeas
7  corpus in the California Supreme Court.  (LD 14.)  On October 23, 2008, petitioner filed an
8  amended petition for writ of habeas corpus in the California Supreme Court.  (LD 15.)  On
9  February 11, 2009, the California Supreme Court denied the petition, citing In re Swain, 34
10 Cal.2d 300 (1949).  (LD 16.)

11         11.  On September 17, 2009, petitioner filed his eighth petition for writ of habeas
12 corpus in the Sacramento County Superior Court.  (LD 17.)  On November 9, 2009, the petition
13 was denied as successive and untimely.  (LD 18.)  On November 16, 2009, petitioner filed a
14 motion for reconsideration.  (LD 19-20.)  On December 2, 2009, the Sacramento County
15 Superior Court denied the motion for reconsideration, citing In re Robbins, 18 Cal.4th 770, 811-
16 12 n.32 (1998); In re Clark, 5 Cal.4th 750, 774-75 (1993); and In re Martinez, 46 Cal.4th 945,
17 950 n.1 (2009).  (LD 21.)

18         12.  On December 18, 2009, petitioner filed his ninth petition for writ of habeas
19 corpus in the California Court of Appeal, Third Appellate District.  (LD 22.)  On January 7,
20 2010, the Court of Appeal denied the petition.  (LD 22.)

21         13.  On January 10, 2010, petitioner filed his tenth petition for writ of habeas
22 corpus in the California Supreme Court.  (LD 23.)  The California Supreme Court denied the
23 petition on July 21, 2010, citing In re Robbins, 18 Cal.4th 770, 811-12 n.32 (1998); In re Clark, 5
24 Cal.4th 750, 774-75 (1993); In re Miller, 17 Cal.2d 734 (1941); and In re Swain, 34 Cal.2d 300
25 (1949).  (LD 24.)

26         14.  The instant action was filed on July 26, 2010.  (Dkt. No. 1.)

4

IV. <u>Analysis</u>

Initially, it appears petitioner does not contend his petition was timely-filed. (Dkt. No. 12, passim.) Rather, petitioner argues he is actually innocent and therefore he is not subject to the statute of limitations bar. Therefore, the court will first analyze the timeliness of petitioner's filing and will then address petitioner's actual innocence claim.

On July 3, 2007, the California Court of Appeal, Third Appellate District, affirmed petitioner's conviction. (LD 1.) When a habeas petitioner does not seek review of a Court of Appeal decision affirming his conviction, the conviction is final for statute of limitations purposes forty days after the decision was issued. <u>Waldrip v. Hall</u>, 548 F.3d 729, 735 (9th Cir. 2008); Cal. Ct. R. 8.366(b)(1) & 8.500(e)(1). Because petitioner did not seek review in the California Supreme Court, his conviction became final on August 13, 2007,[3] forty days after the July 3, 2007 order by the California Court of Appeal affirming the judgment. The AEDPA statute of limitations period began to run the following day, on August 14, 2007. <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's federal petition was due on or before August 13, 2008.

The limitations period commenced on August 14, 2007. Petitioner's first three petitions were filed prior to the beginning of the limitations period and therefore do not toll the statute of limitations period. <u>Waldrip</u>, 548 F.3d at 735.

Petitioner's fourth petition, filed in federal court, also does not toll the statute of limitations because it is not an "application for state post-conviction or other collateral review" under 28 U.S.C. § 2244(d)(2). <u>Duncan v. Walker</u>, 533 U.S. 167, 181 (2001) (statutory tolling provision contained in § 2244(d)(2) authorizes tolling while a petitioner is pursuing state, but not federal, post-conviction remedies).

Petitioner's fifth petition, his first filing after the statute of limitations period

---

[3] Because August 12, 2007, fell on a Sunday, petitioner had until Monday, August 13, 2007, in which to file his federal petition. Fed. R. Civ. P. 6(a)(1)(C).

began, was filed in the Sacramento County Superior Court on March 5, 2008. (LD 9.) Between August 14, 2007, the commencement of the limitations period, and March 5, 2008, the filing of his superior court petition, 204 days of the 365 day period expired. Respondent does not argue that the fifth, sixth or seventh state habeas petitions were improperly filed, so petitioner is entitled to tolling from March 5, 2008, through February 11, 2009, the date the seventh petition was denied by the California Supreme Court. See Evans v. Chavis, 546 U.S. 189, 191 (2006); Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005).

By February 11, 2009, petitioner had 161 days left in the limitations period to file his federal petition. Absent further tolling, the statute of limitations period expired on July 22, 2009.

Petitioner's next filing, however, was not until his eighth state habeas petition on September 17, 2009. State habeas petitions filed after the one-year statute of limitations period has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). In addition, petitioner is not entitled to statutory tolling for the eighth and subsequent state court habeas petitions because in pursuing his eighth and subsequent state habeas petitions, petitioner did not go from a lower state court to a higher state court. See Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010) ("Only the time period during which a round of habeas review is pending tolls the statute of limitations; periods between different rounds of collateral attack are not tolled."); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (finding that petitioner "kicked off a new round of collateral review" when he filed a non-ascending petition in the Superior Court and was "no longer pursuing his application for habeas relief up the ladder of the state court system") Therefore, petitioner's eighth state habeas petition, as well as all his subsequently-filed habeas petitions, had no effect on the limitations period.

The instant petition was not filed until July 26, 2010, over one year after the statute of limitations period expired on July 22, 2009. Accordingly, this action is time-barred

unless petitioner can demonstrate he is entitled to equitable tolling.

V. Equitable Tolling

The court turns now to the doctrine of equitable tolling. To be entitled to equitable tolling, petitioner bears the burden of establishing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

In his opposition, petitioner failed to address the issue of equitable tolling. Moreover, given the present record, it is unlikely petitioner can demonstrate he is entitled to equitable tolling for the period of one year and four days. On March 7, 2008, prior to the July 22, 2009 expiration of the limitations period, petitioner was cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. Brown v. Felkner, 2:07cv-2649 GEB JFM P, March 7, 2008 Findings and Recommendations, at 2 n.2 (E.D. Cal.).[4] The court also informed petitioner that his federal petition was unexhausted because petitioner had failed to present his claims to the California Supreme Court. Id. at 2. Petitioner diligently pursued his fifth, sixth and seventh state court petitions, but upon receiving the February 11, 2009 California Supreme Court denial, with 161 days left in the limitations period, petitioner opted to return to the Sacramento County Superior Court rather than timely file a petition for writ of habeas corpus in federal court. Given the warnings petitioner was provided long before the statute of limitations period expired, petitioner has not satisfied his burden of establishing that he acted diligently in filing his federal petition or that he encountered extraordinary circumstances that prevented him from filing his federal petition in a timely manner. Therefore, petitioner is not entitled to equitable tolling, and respondent's motion to dismiss should be granted as this action is time-barred.

////

---

[4] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986).

VI. <u>Alleged Actual Innocence</u>

Finally, petitioner claims he should be excused from the statute of limitations because he is actually innocent of the underlying offense, relying on <u>Schlup v. Delo</u>, 513 U.S. 298, 314-15 (1995). In <u>Schlup</u>, the Supreme Court held that a habeas petitioner who makes "a colorable showing of actual innocence" that would implicate a "fundamental miscarriage of justice" may be entitled to have "otherwise barred constitutional claim[s]" considered on the merits. <u>Id</u>. In <u>Majoy v. Roe</u>, 296 F.3d 770, 775-76 (9th Cir. 2002), the Ninth Circuit assumed that a sufficient <u>Schlup</u> showing might overcome the bar of the statute of limitations. However, in <u>Lee v. Lampert</u>, 610 F.3d 1125, 1136 (9th Cir. 2010), that court joined four other circuits in holding that "there is no <u>Schlup</u> actual innocence exception to override AEDPA's statute of limitations." <u>Lee</u>, 610 F.3d at 1136. This court is bound by that decision. Therefore, petitioner's claim should be denied.

For all of the above reasons, IT IS RECOMMENDED that respondent's October 25, 2010 motion to dismiss (dkt. no. 10) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the

////

////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

brow2040.mtd