IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRYANT KEITH BROWN,

    Petitioner,                  No. 2:10-cv-2040 MCE KJN P

    vs.

WARDEN,                        <u>ORDER</u>

    Respondent.

_____/

    Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On August 2, 2010, Petitioner filed a petition for a writ of habeas corpus based on claims for ineffective assistance of counsel and actual innocence. Respondent filed a Motion to Dismiss. On March 9, 2011, the Court granted Respondent's Motion to Dismiss, and the Court declined to issue a certificate of appealability.

///

///

///

1

On March 15, Petitioner appealed the Court's decision denying him a certificate for his ineffective assistance of counsel claim.  On April 20, 2011, the Court of Appeals for the Ninth Circuit directed that Petitioner's request be filed in the instant Court for processing as a notice of appeal from the final judgment entered on March 9, 2011.  On May 16, 2011, Petitioner filed a document entitled "Motion to the USDC Judge Assigned to Consider Whether Or Not to Grant (COA) . . ." asking the Court to grant Petitioner's Certificate of Appealability because Petitioner's appellate counsel unreasonably failed to discover a non-frivolous argument to raise on appeal.  With this document, Petitioner also filed a Declaration asserting that the Court should grant Petitioner's current request because Petitioner established that he acted diligently in filing his federal petition and because Petitioner encountered extraordinary circumstances that prevented him from filing his federal habeas petition in a timely manner.  Liberally construed, it appears Petitioner seeks a Motion for Reconsideration ("Motion") of the Court's order declining to issue a certificate of appealability.  For the reasons set forth below, Petitioner's Motion is denied.

A motion for reconsideration is properly brought pursuant to either Federal Rule of Civil Procedure 59(e) or Rule 60(b).[1]  Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  A motion for reconsideration is treated as a Rule 59(e) motion if filed within twenty-eight days of entry of judgment, but as a Rule 60(b) motion if filed more than twenty-eight days after judgment.  See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).  The mailbox rule provides "that a habeas petitioner's state and federal filings are constructively filed when turned over to prison officials for forwarding to the Clerk of the Court."  Roberts v. Cash, No. CV-11-03174, 2011 WL 2413414, at *1 n.1 (C.D. Cal. June 14, 2011) (citing Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002)); Houston v. Lack, 487 U.S. 266, 270 (1988).

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

1    When the date that the petitioner turned the filings over to prison officials is unclear, courts have
2    utilized the signature date on the filing as the relevant date, because the signature date is the
3    earliest date on which the petitioner could have turned the motion over to the prison authorities
4    for mailing.  Roberts, 2011 WL 2413414, at *1 n.1; Outley v. James, No. 2:06-cv-02271-MCE-
5    CMK-P, 2008 WL 4183901, at *1 (E.D. Cal. Sept. 9, 2008).
6            In the present case, the final judgment was entered on March 9, 2011.  Petitioner's
7    Motion was signed on April 12, 2011, and was filed on May 28, 2011.  Even providing Petitioner
8    the benefit the mailbox rule and utilizing the signature date as the relevant date, Petitioner's
9    Motion was filed more than twenty-eight days after the entry of judgement.  Thus, Petitioner's
10   Motion must be treated as arising under Rule 60.
11           Rule 60(b) provides for reconsideration of a final judgment or any order where
12   one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect;
13   (2) newly discovered evidence which, with reasonable diligence, could not have been discovered
14   within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an
15   opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other
16   reason justifying relief.  Fed. R. Civ. P. 60(b).  A motion for reconsideration on any of these
17   grounds must be brought within a reasonable time, and no later than one year, of the entry of the
18   judgment or the order being challenged.  Fed. R. Civ. P. 60(c)(1).
19           Petitioner's Motion and Declaration assert numerous grounds for reconsideration.
20   However, none of Petitioner's grounds for reconsideration may be properly held to rely on Rule
21   60(b)(1) through Rule 60(b)(5).  Accordingly, the Court construes Petitioner's Motion as relying
22   on Rule 60(b)(6), the "catch-all" provision of the Rule allowing the Court to relieve a party from
23   a final judgment, order, or proceeding for "any other reason that justifies relief."
24   ///
25   ///
26   ///

A court should be loathe to revisit its own decisions unless extraordinary circumstances show that its prior decision was clearly erroneous. <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 817 (1988). This principle is embodied in the law of the case doctrine, under which "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." <u>United States v. Alexander</u>, 106 F.3d 874, 876 (9th Cir. 1997) (quoting <u>Thomas v. Bible</u>, 983 F.2d 152, 154 (9th Cir. 1993)). Courts therefore use Rule 60(b)(6) relief sparingly as "an equitable remedy to prevent manifest injustice" and grant relief "only where extraordinary circumstances prevent [] a party from taking timely action to prevent or correct an erroneous judgment." <u>United States v. Alpine Land & Reservoir Co.</u>, 984 F.2d 1047, 1049 (9th Cir. 1993). Accordingly, to obtain relief under Rule 60(b)(6), a petitioner must show that he suffered an injury as a result of the judgment from which he seeks relief and that circumstances beyond his control prevented him from taking timely action to protect his interests. <u>Id.</u> at 1049. Mere dissatisfaction with the court's order or belief that the court is wrong in its decision are not adequate grounds for relief under Rule 60(b)(6). <u>Twentieth Century-Fox Film Corp. v. Dunnahoo</u>, 637 F.2d 1338, 1341 (9th Cir. 1981).

Additionally, Local Rule 230(j) requires a party filing a motion for reconsideration to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." E.D. Cal. L.R. 230(j). A district court may properly deny a motion for reconsideration that simply reiterates an argument already presented by the petitioner. <u>Maraziti v. Thorpe</u>, 52 F.3d 252, 255 (9th Cir. 1995). Finally, motions to reconsider are committed to the discretion of the trial court. <u>Pritchen v. McEwen</u>, No. 1:10-cv-02008-JLT HC, 2011 WL 2115647, at *1 (E.D. Cal. May 27, 2011); <u>Rodgers v. Watt</u>, 722 F.2d 456, 460 (9th Cir. 1983) (en banc).

///

///

In his Motion, Petitioner alleges no newly discovered evidence, no mistake or surprise, and no fraud by the adverse party.  Furthermore, Petitioner fails to present the Court with any extraordinary circumstances that show that the Court's decision denying Petitioner a certificate of appealability was clearly erroneous, as required to state a cognizable motion for reconsideration under Rule 60(b)(6).  Petitioner also fails to state any facts showing that Petitioner was prevented from seeking earlier, more timely relief.  Petitioner argues in his accompanying Declaration that he was "conducting an ongoing bona fide investigation of those potential but undeveloped claims throughout the period of delay" and therefore the statute of limitations should be tolled.  Pet'r's Decl., 2, ECF No. 29.  However, an ongoing investigation is not an extraordinary circumstance requiring the Court to grant Petitioner's Motion.  Moreover, Petitioner has not shown that "new or different facts or circumstances . . . exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," as required by Local Rule 230(j).  Petitioner argues that his appellate counsel ignored issues clearly stronger than those presented in the Wende brief.  Pet'r's Mot., 1, ECF No. 28.  However, this argument simply reiterates an argument that has already been made to the Court.  Granting Petitioner's Motion would require reopening a question that the Court has already resolved in Petitioner's case, and would require the Court to reconsider an argument identical to that already made by Petitioner.  Doing so would constitute a waste of judicial resources, and is inappropriate under both the standards of Rule 60(b)(6) and the law of the case doctrine.

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's May 16, 2011, Motion (ECF No. 28), construed as a Motion for Reconsideration of this court's order declining to issue a Certificate of Appealability, is DENIED.

IT IS SO ORDERED.

Dated: June 24, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE